

**UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT**

IN RE:

ULYSSES THOMAS WARE,

Petitioner.

CASE NO. 15-12568-F

## RESPONSE TO PETITION FOR WRIT OF MANDAMUS

Per the Court's order in the above-styled case, the Bankruptcy Court for the Northern District of Georgia (the "Bankruptcy Court") responds to the petition for writ of mandamus and requests further clarification.

On June 10, 2015, the Eleventh Circuit docketed a petition for writ of mandamus filed by Ulysses Thomas Ware. Mr. Ware seeks an order compelling the Bankruptcy Court to docket and adjudicate a document that he refers to as a "Motion to Reconsider." On September 3, 2015, the Eleventh Circuit issued an order and directed the Bankruptcy Court for the Northern District of Georgia to respond to the petition for writ of mandamus (the "Order"). The docket does not indicate that the Bankruptcy Court was served with a copy of the Order. However, the United States Attorney contacted the Bankruptcy Court and forwarded a copy of the Order. It has been determined that the United States Attorney will not

1

represent the Bankruptcy Court in this matter. After review of the Order, the Bankruptcy Court now requests further clarification.

The Order states, "In 2012, Ware submitted to the bankruptcy court a motion that appeared to seek relief from the 2003 order dismissing 'his case' on the basis of alleged bankruptcy fraud, pursuant to Federal Rule of Bankruptcy Procedure 9024." The 2003 case to which the Order refers is bankruptcy case number 03-93031, the chapter 11 case of Group Management Corporation (the "Debtor"). Mr. Ware was not the debtor in that case; in fact, he was not a party in the case and did not even represent a party in the case.

On March 18, 2003, the Debtor filed a petition for relief under chapter 11 of the Bankruptcy Code. Bankr. Doc. No. 1. Mr. Ware signed the petition as the attorney for the Debtor. *Id.* The Bankruptcy Court's records indicated that Mr. Ware had previously been suspended from practice in the Northern District of Georgia[1] and that the Debtor, a corporation, was unrepresented in the chapter 11 case. Bankr. Doc. No. 3. Because a corporation may only appear in federal courts through a licensed attorney, *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985), *cert. denied*, 474 U.S. 1058 (1986), Judge Margaret H. Murphy issued an order directing the Debtor to obtain counsel. Bankr. Doc. No. 3. On April 8,

---

[1] The United States District Court for the Northern District of Georgia entered an order on June 29, 1999 suspending Mr. Ware from practice in the Northern District of Georgia.

2003, Sims W. Gordon, Jr. ("Mr. Gordon") entered an appearance as counsel for the Debtor. Bankr. Doc. No. 8.

Even though Judge Murphy had already found that Mr. Ware was not licensed and authorized to represent the Debtor, Mr. Ware nevertheless filed an application on April 15, 2003 seeking to represent the Debtor. Bankr. Doc. No. 17. A hearing on the application was held on April 15, 2003. Bankr. Doc. No. 26. After carefully considering the matter, Judge Murphy denied Mr. Ware's application to represent the Debtor. *Id.* Mr. Ware did not seek interlocutory relief of the order denying his application and he did not appeal the order. Mr. Gordon continued as counsel for the Debtor.

Meanwhile, the Justice Department, through the Office of the United States Trustee, filed a motion to dismiss the Debtor's bankruptcy case. Bankr. Doc. No. 13. The United States Trustee alleged that the bankruptcy case was filed in bad faith for the improper purpose of obstructing and delaying creditors and without any bona fide reorganization purpose. *Id.* Several creditors filed their own motion to dismiss, in which they also alleged that the bankruptcy case was filed in bad faith. Bankr. Doc. No. 15. A hearing was held on the motions to dismiss on April 30, 2003, and a continued hearing on May 12, 2003. Mr. Gordon was counsel for the Debtor during this time.

On May 21, 2003, an order was entered dismissing the Debtor's bankruptcy case with prejudice. Bankr. Doc. No. 29. The dismissal order was reviewed and approved by Sims W. Gordon, Jr., counsel for the Debtor. *Id.* The Debtor did not ask the Bankruptcy Court for clarification of the order, did not move for reconsideration, and did not appeal the order dismissing the case. Moreover, Mr. Ware did not ask the Bankruptcy Court for any relief. Accordingly, the Debtor's bankruptcy case was closed and dismissed on June 3, 2003.

Years later, Mr. Ware started sending correspondence to various parties and courts, including the Bankruptcy Court. Among the many documents Mr. Ware sent to the Bankruptcy Court was a paper that Mr. Ware has referred to as a "Motion to Reconsider." The Bankruptcy Court carefully reviewed the significant number of documents from Mr. Ware and determined that they did not relate to an active bankruptcy case. In fact, the documents did not relate to a case in which Mr. Ware was either a party or counsel for a party. Accordingly, on July 25, 2012, the Bankruptcy Court sent Mr. Ware a letter explaining, "No action can be taken with respect to the papers sent to the Court as they do not commence a case over which this Court would have jurisdiction."

Mr. Ware continued to send documents to the Bankruptcy Court. Mr. Ware also asked the Bankruptcy Court for a certified copy of the docket in the Group Management Corporation case and requested that the Bankruptcy Court return all

4

unfiled papers.  Again, the Bankruptcy Court considered the papers from Mr. Ware and determined that they did not relate to any pending case.  On October 5, 2012, the Bankruptcy Court sent Mr. Ware a second letter stating that the papers did not relate to an active bankruptcy case before the Bankruptcy Court for the Northern District of Georgia.  The letter also indicated that, per Mr. Ware's request, the Bankruptcy Court was enclosing a certified copy of the docket in case number 03-93031 and returning all of the documents that Mr. Ware had sent to the Bankruptcy Court.

Mr. Ware has repeatedly asked the Bankruptcy Court to file documents in the Debtor's – not his – closed case.  As a general rule, the clerk of a court has a duty to file documents and papers that are presented for the purpose of filing.  Fed. R. Civ. P. 5(e); Fed. R. Bankr. P. 5005(a)(1).  However, after a case is closed the clerk of the court is under no obligation or duty to file documents in that case, absent a motion to reopen the case by an appropriate party.  *Miller v. Johnson*, 541 F.Supp. 1165, 1176 (D.D.C. 1982); *see also Wilson v. Robl*, Civil Action No. 1:07-cv-00046, 2007 U.S. Dist. LEXIS 69387 (W.D. Ky. Sept. 19, 2007) (denying a writ of mandamus after finding that, because the docket indicated the case was closed, the bankruptcy court clerk did not err in refusing to file a motion to reconsider).

Mr. Ware has asked the Bankruptcy Court to file his "Motion to Reconsider." However, the so-called "Motion to Reconsider" does not refer to any case in which Mr. Ware appeared before the Bankruptcy Court.[2]

Wherefore, the Bankruptcy Court asks for clarification: since Mr. Ware was not the Debtor, not a party, and not an attorney representing a party in case number 03-93031, how should the Bankruptcy Court treat Mr. Ware's papers? If the Bankruptcy Court is being directed to reopen the corporate case of Group Management Corporation, counsel will have to appear on its behalf, if it still in operation after 2003.

Dated:        December 1, 2015

Respectfully submitted,

C. Ray Mullins
Chief United States Bankruptcy Judge
United States Bankruptcy Court
Northern District of Georgia
75 Ted Turner Drive SW
Atlanta, Georgia 30303

---

[2] While Mr. Ware has not moved the Bankruptcy Court to reopen the Debtor's bankruptcy case, such a motion would be futile. Section 350(b) provides that "[a] case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C. § 350(b). Bankruptcy courts have broad discretion to reopen a case, *In re Rochester*, 308 B.R. 596 (Bankr. N.D. Ga. 2004), and a court should not reopen a case "if doing so would be futile." *In re Jenkins*, 330 B.R. 625, 628 (Bankr. E.D. Tenn. 2005). That is the case here. Group Management Corporation's bankruptcy case was dismissed (counsel for Group Management Corporation approved the order) and closed over twelve years ago. Group Management Corporation may or may not exist today and there are no assets to administer. Reopening the case to allow Mr. Ware to file his "Motion to Reconsider" would thus serve no bankruptcy purpose and would be burdensome to the parties who appeared in its corporate case and have relied upon a dismissal order entered over ten years ago.

## CERTIFICATE OF SERVICE

I hereby certify that on December 2, 2015, I filed the Response to Petition for Writ of Mandamus with the Clerk of the Court. I further certify that the Response to Petition for Writ of Mandamus was sent on December 2, 2015 via United States Mail to the following:

Ulysses Thomas Ware
USP Atlanta – Inmate Legal Mail
P.O. Box 150160
Atlanta, Georgia 30315


M. Regina Thomas, Esq.
Clerk of Court
United States Bankruptcy Court
Northern District of Georgia
75 Ted Turner Drive SW
Atlanta, Georgia 30303